CURRY, RICHARDS & ANTHONY *vs.* ALBERT C. JOHNSON,
Deputy Sheriff, *et als*.

In Rhode Island an officer holding a writ of replevin with the statutory bond will be pro-
tected in taking the property described from the defendant in the writ, and in delivering
it to the plaintiff, notwithstanding third parties may claim the property.

A. purchased certain personalty of B., mortgaged it to B., and kept it in a house occupied
by himself. During the absence of A. the house was sold under a mortgage, and with
the personalty passed into the possession of C. A. replevied the personalty from C., but
while the officer was making an inventory of the personalty to deliver it under the writ to
A., B. demanded it. B. had not been in possession of the personalty since its purchase
by A., nor was C. an agent of B. The officer refused to comply with B.'s demand, where-
upon B. brought trover against A. and the officer.

*Held*, that the action would not lie against the officer.

DEFENDANTS' petition for a new trial.

This case was an action of trover and conversion for the illegal
seizure of furniture. At the trial before a jury in this court, after
the evidence was in, the defendants' counsel asked the presiding
justice :

To direct a verdict of not guilty for Johnson, upon the ground
that he was an officer in the execution of a writ of replevin issu-
ing from a court of competent jurisdiction for the purpose of

taking the goods and chattels of the plaintiffs named in such writ from the wrongful possession of a stranger and placing the same in the possession of said Griswold and wife, who were the owners and mortgagors of said property ; and also on the ground that the mortgagees, plaintiffs in this suit, were not prejudiced in their rights as against said mortgagors by Johnson's transferring the possession of said goods and chattels.

Also, to instruct the jury that the defendant Johnson, being a deputy sheriff and having a writ of replevin placed in his hands for service with sufficient bond attached thereto as by statute required, which said writ issued from a court of competent jurisdiction, was bound to serve the same as commanded, or be answerable in damages for refusing to serve the same, and there being such liability, if he as such officer did obey such precept issuing properly as aforesaid, he is not liable in an action of trover.

Also, to instruct the jury that, if the jury finds that said property was in the possession of another person, a stranger to this suit, and that said defendant Johnson was an officer at the time of the alleged taking in plaintiffs' writ, and that he took the property under a writ of replevin issuing from a court of competent jurisdiction in the name of the parties plaintiffs who had title to the same, and running against a person whose possession was adverse to the parties to this suit, such writ was a full and competent protection to said officer Johnson.

The presiding justice refused these requests, and charged the jury : " That the mortgagees had a paramount title, and that if demand was made upon Johnson, even though he held said property by such writ of replevin, and he refused to surrender the same, it was a conversion upon his part and he was liable in this action."

To the refusals to charge, and to the charge as given, the defendant Johnson excepted, and after verdict rendered against him filed this petition.

*July* 10, 1880. MATTESON, J. This is an action of trover for the alleged conversion of certain furniture. The following facts appeared on the trial : The furniture had been purchased of the plaintiffs by the wife of the defendant Griswold, and placed in a

house on Lockwood Street, in Providence, then owned and occupied by Griswold. Griswold and wife had mortgaged the furniture to the plaintiffs. The house, during the absence of Griswold and wife, was sold under a mortgage, and leased by the purchasers to one Bessie Crankshaw, who had been a housekeeper for Griswold and wife, and who took and held possession of the furniture. Griswold and wife, wishing to get possession of the furniture, and hearing that Crankshaw was about to remove it from the State, brought an action of replevin against her for it, the writ in which was dated October 7, 1875, was in the form prescribed by statute, and was returnable at the next December Term of the Court of Common Pleas for Providence County. The writ was placed in the hands of the defendant Johnson, then a deputy sheriff, for service. Before serving it, Johnson, as required by the statute, took from the plaintiffs, or some one in their behalf, a bond to the defendant, with sufficient sureties, in double the value of the furniture to be replevied, with condition to prosecute the writ to final judgment and to pay such damages and costs as the defendant in the writ should recover against the plaintiffs therein, and also to return and restore the same furniture in like good order and condition as when taken, in case such should be the final judgment upon the writ. Johnson went with the writ to the house, found Crankshaw there in possession of the furniture, read the writ to her, went into all the rooms of the house and began to make an inventory of the furniture for the purpose of delivering it to Griswold and wife, as directed by the writ. When he had been thus engaged about three quarters of an hour, the plaintiff Richards came to the house and asked what he was there for. Johnson replied that he was in possession of the furniture by virtue of the writ of replevin, and at the same time showed Richards the writ and bond. Richards then produced the mortgage from Griswold and wife to the plaintiffs and claimed possession of the furniture, and objected to its removal. Johnson said he had taken the property upon the writ, and should do as the writ commanded. Afterwards the plaintiff Curry appeared and claimed the property and objected to its removal. Johnson said to him that he had the writ and bond; that it was his duty to follow the directions of the writ. Johnson delivered the furni-

ture to Griswold and wife in accordance with the mandate of the writ.

There was no evidence that the plaintiffs were, or had been, in possession of the furniture after its sale to Mrs. Griswold. Nor was there any evidence that Crankshaw was their agent, or held the property for them as keeper.

The question raised by the exceptions is, whether, upon the facts above recited, the plaintiffs can maintain an action of trover against the defendant Johnson.

In this State the procedure in replevin is regulated by Gen. Stat. R. I. cap. 224. The form of the writ is prescribed by Gen. Stat. R. I. cap. 195, § 16. Neither the writ nor the statute contains any direction to the officer as to the course to be pursued in the event of a claim of title to the property by a third person. In the absence of such direction, the officer was fully justified in proceeding with the service of the writ, notwithstanding the plaintiffs claimed possession of the property and objected to its removal. The plaintiffs' counsel has referred us to no case, nor has any case come to our notice, in which an officer has been held liable to a third person for taking goods and chattels on a writ of replevin from the possession of the defendant named in the writ. The contrary was expressly decided in *Foster* v. *Pettibone*, 20 Barb. S. C. 350, and *Willard* v. *Kimball*, 10 Allen, 211. These cases are instances of the application of the familiar principle that process, regular on its face, issued from a court of competent jurisdiction, affords complete protection to a ministerial officer for all acts done by him within the authority which it confers. This principle seems to us conclusive of the question. To compel the performance of an act by an officer, and then hold him liable as a wrong-doer for such performance, would be manifestly unreasonable and unjust.

We think that the defendant Johnson was entitled to the instructions to the jury which he requested, and that the court erred in refusing them, and in the charge as given. We therefore sustain the exceptions and grant him a new trial.

*Petition granted.*

*James Tillinghast*, for plaintiffs.
*Lorin M. Cook & Henry W. Allen*, for defendants.